**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ANTHONY BRIAN MALLGREN,          )
                                 )
                    Plaintiff,   )
        v.                       )          Civil Action No. 26-2220 (UNA)
                                 )
                                 )
UNITED STATES, *et al.*,         )
                                 )
                    Defendants.  )

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis*, ECF No. 2, and *pro se* complaint, ECF No. 1.  The Court grants the application and dismisses the complaint without prejudice.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009).  Consequently, the Court is obligated to dismiss a complaint as frivolous when, as here, "the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981).

1

Plaintiff allegedly is denied access to the means by which "to produce defensive equipment," Compl. ¶ 3, such as stockpiles of food and water for use "if disaster were to strike," *id*. According to Plaintiff, "[t]he United Staes seemingly calls for the production of defensive means, but due to some of the states' ethical vulnerability to mishaps, they have seemingly tried to prioritize the wellbeing of the ethically vulnerable over those that have abided by ethical means, and have undergone severe transgression due to the propagation of an enabled people, and the resulting congealment of resources." *Id*. ¶ 5. He demands that citizens be granted "the ability to manufacture means of defense." *Id*. ¶ 6.

The Court deems the complaint's few factual allegations irrational and incredible, and the Court cannot exercise jurisdiction of a frivolous complaint. An Order will be issued separately.

RANDOLPH D. MOSS

DATE: July 13, 2026

United States District Judge

2